Jake Freeman
186 Summit Ave
Summit, NJ 07901
(541) 249-5710
jakefreemanecf@gmail.com

***VIA ADS***
Hon. Robert Kirsch
United States District Court
District of New Jersey
402 East State Street
Trenton, NJ 08608

November 25, 2026

**RE: Response to ECF No. 38**
***Freeman v. Municipality of Princeton*** **(Case No. 3:26-cv-02140-RK-RLS)**

Dear Judge Kirsch,

Freeman is the plaintiff appearing *pro se* in this Action. Earlier today, Princeton filed a request for an extension to file a motion to dismiss the First Amended Complaint.[1] In light of counsel's medical circumstances, Freeman does not oppose extending Princeton's filing deadline to December 14, 2026, if the Court sets January 4, 2027, as the return date for the motion to dismiss (or other responsive motion that Princeton brings, including a motion for a more definite statement).

Freeman respectfully disagrees with Princeton's assessment that the extension would cause him no prejudice. As alleged in the First Amended Complaint, Princeton's parking officers have continued to chalk the tires of Freeman's vehicle, even after Freeman brought this Action. ECF No. 36 ¶¶ 13-25. Freeman still parks in these zones approximately four days a week (ECF No. 36 ¶ 57), and indeed, on November 18, 2026 (one week ago today), Freeman's vehicle was again

[1] Counsel acknowledges that he did not seek Freeman's consent before filing. ECF No. 38 at 1. § I(F) of Your Honor's Rules and Procedures requires counsel to each out to it is adversary. Counsel does not state why he could not have reached out to Freeman. Had he done so, Freeman would have proposed the resolution stated herein.

chalked by Princeton's parking enforcement agents. Freeman contends this practice violates his constitutional rights and is seeking prospective relief to end these violations.

Princeton's request would delay the return date of the motion by fifteen days. As the Third Circuit has acknowledged, "justice delayed is justice denied." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1228 (3d Cir. 1995). Here, the Court can avoid those fifteen days of delay while giving counsel the full extension he requests by letting Freeman shorten his own time to respond.

Under Local Civ. Rule 7.1(b)(1) and Your Honor's Rules and Procedures § I(E), Freeman respectfully requests that the Court permit Princeton to file and serve its motion by December 14, 2026, but set the motion for a January 4, 2027, return date. If Princeton files and serves its motion by December 14, Freeman will file and serve his opposition by December 21, leaving Princeton until December 28 to reply. This would give counsel the full extension requested and the usual week to reply, while completing briefing on the same timetable that would have applied if Princeton had not sought this extension.

*Alternatively*, if the Court prefers to follow its ordinary briefing schedule, Freeman respectfully requests that Princeton's filing deadline be extended through December 11, 2026, which would allow the motion to proceed on the January 4, 2027, return date.

* * *

Thank you for your consideration,

Sincerely,

Jake Freeman

cc: David Schwartz (via email)